IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                              PLAINTIFF

v.            Civil No. 07-50054

GUY WESLEY HAMILTON                                                   DEFENDANT

## O R D E R

On September 18, 2007, the Court conducted a hearing on Defendant's **Motion to Dismiss for Multiplicity in the Indictment (Doc. 9)**. The Court, being well and sufficiently advised, finds and orders as follows with respect thereto:

1. On August 8, 2007, a two count indictment was filed against the defendant charging that on or about May 29, 2007, the defendant possessed a thumbdrive (Count One) and a DVD (Count Two) that contained visual depictions of a minor engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2).

2. The defendant moves to dismiss the indictment on multiplicity grounds, arguing that both storage devices in Count One and Count Two were possessed at the same time and on the same premises, and that the indictment arbitrarily divides a single offense into two separate counts.

3. An indictment is multiplicitous if it charges the same crimes in two counts. See United States v. Chipps, 410 F.3d 438, 447 (8th Cir. 2005). "The main difficulty with such an indictment is that the jury can convict the defendant on both counts,

subjecting the defendant to two punishments for the same crimes in violation of the double-jeopardy clause of the fifth amendment." Id.  When, as in this case, the same statutory violation is charged twice, the question is whether Congress intended the facts underlying each count to make up a separate unit of prosecution. Id.  The unit of prosecution is the aspect of criminal activity that Congress intended to punish.  Id. at 448.

4.   The statute that defendant is charged with violating provides criminal liability for anyone who "knowingly possesses 1 or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction" of child pornography.  18 U.S.C. § 2252(a)(4)(B).

5.   The Eighth Circuit has not addressed whether §2252(a)(4)(B) only allows a defendant to be charged with a maximum of one count of possession regardless of the number of visual depictions of child pornography a defendant may have on various forms of media.  Defendant relies on a decision from the Fifth Circuit, United States v. Kimbrough, 69 F.3d 723 (5th Cir. 1995).  In Kimbrough, the Fifth Circuit held than an indictment was multiplicitous when it charged the defendant with two counts of violating § 2252(a)(4)(B) on or about the same date.  Id. at 730.  The Court finds that defendant's reliance on Kimbrough is misplaced, as that decision interpreted a previous version of §2252(a)(4)(B), which only punished the possession of "3 or more"

child pornography images.

    6.    In 1998, however, Congress amended § 2252(a)(4)(B), eliminating this "3 or more" requirement, and criminalizing the possession of just "one or more" visual depictions of child pornography.  The Court was only able to locate one decision interpreting the amended version of the statute.  In <u>United States v. Flyer</u>, 2006 W.L. 2590459, *4-6 (D. Ariz. 2006), the district court analyzed the amended version of § 2252(a)(4)(B) as follows:

> [T]he common usage of the phrase "1 or more" can not reasonably be interpreted to only allow a maximum of one count of possession, regardless of the number of visual depictions of child pornography a defendant may have on various forms of physical media. [A contrary result would mean that] ... an individual that has 10 separate media (i.e. various desk-top computers, laptop computers, CD-Roms, websites, etc.) containing millions of depictions of child pornography would always have to be charged with a maximum of one count of possession under § 2252(a)(4)(B) and be subject to the same maximum statutory sentence.  This is not logical or consistent with the language of the statute and the legislative history of the statute.
>
> The Government argues that the term "1 or more" simply means "any" under the common usage of that term.  This argument is supported by the common definition of these terms; for example, the Merriam-Webster Dictionary defines "any" as including "one, some, or all indiscriminately of whatever quantity: a: one or more- used to indicate an undetermined number or amount." ... Further, the legislative history leading to the 1998 amendment of § 2252(a)(4)(B) supports the conclusion that Congress intended to punish "any" possession of child pornography.... Prior to 1998, the statute only criminalized the possession of "three or more" visual depictions of child pornography.... However, pursuant to the 1998 amendment, Congress eliminated this "three or more" provision, and added "one or more"; thus, the amendment now criminalize[s] the possession of "one or more" visual depictions of child pornography as it [is]

intended to punish any possession of child pornography. *See, e.g.*, § 2252(a)(4)(B); 1998 Protection of Children from Sexual Predators Act of 1998; 144 Cong. Rec. H4491-03, H4503 (1998) (comments of Rep. Jackson Lee) ("I support this amendment, which makes it clear that the possession of any amount of child pornography is a crime.  There is simply no legitimate reason for anyone to possess any amount of child pornography, and that is what this amendment says.")... 144 Cong. Rec. S12257-01, S12262 (1998) (comments of Sen Hatch) ("By prohibiting ... possession of even one item or image containing child pornography, we are stating in no uncertain terms that we have zero tolerance for the sexual exploitation of children.").

Thus, in light of the plain language and legislative history regarding the 1998 amendment, it appears that Congress intended to punish "any" possession of child pornography and that there was no intent to limit any and all possession of child pornography to a maximum of one count under § 2252(a)(4)(B).  Moreover, in light of this Congressional intent and subsequent amendment, ... reliance on the *Kimbrough* case for the proposition that the statute was intended to allow only a maximum of one count of possession is misplaced....  While the 1995 *Kimbrough* case did find that § 2252(a)(4)(B) only permitted one count of possession and therefore found that the multiple counts for possession of child pornography were multiplicitous, this finding stemmed from the old version of the statute which only punished the possession of "3 or more" child pornography images. *See Kimbrough*, 69 F.3d at 730.  This "3 or more" language was the focus of the *Kimbrough* decision as it reasoned: "We must defer to the legislature's determination of whether a specific course of conduct constitutes one or more separate crimes...  In construing this statute, we look first to the plain language chosen by Congress ... In this case, the plain language of the statute's requirement that a defendant possess 'three or more' items indicates that the legislature did not intend for this statute to be used to charge multiple offenses." *Id.*  Further, the [*Kimbrough*] court explained that this "three or more" language is the only language that distinguishes the offense of possession of child pornography under § 2252(a)(4)(B) from the offenses of receiving or distributing "any visual depiction" of child pornography. *Id.* at 730 n.6.  As this "three or more"

>   language has now been stricken and replaced with "one or
>   more" which essentially means "any" pursuant to the
>   common definition of that term and Congressional intent
>   as discussed above, the underpinnings of the *Kimbrough*
>   [case] have been eroded.

Flyer, 2006 W.L. 2590459, *5-6.

    7.   The Court agrees with the district court's analysis in Flyer.  Defendant is charged with possessing two separate storage mediums containing different images of child pornography obtained on different dates through different transactions.  The Court, therefore, concludes that the defendant committed two separate crimes and that the counts are not multiplicitous.

    8.   Based on the foregoing, defendant's **Motion to Dismiss for Multiplicity in the Indictment (Doc. 9)** is **DENIED**.

    IT IS SO ORDERED this 1st day of October, 2007.

    /S/JIMM LARRY HENDREN
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE